# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CHAD HATTEN,

        Petitioner,

    v.                        CASE NO. 10-3107-RDR

(fnu) CHESTER, WARDEN,
USP-LEAVENWORTH,

        Respondent.

## O R D E R

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). The filing fee has been paid. Petitioner seeks release after completing six months of the Residential Drug Abuse Treatment Program (RDAP). He contends that he is entitled to such release under 18 U.S.C. § 3621(e)(5)(A).

In support of his Petition, Mr. Hatten alleges that he has an elite college education, has completed the workbooks for the RDAP course at USPL, and there "is no reason for (him) to be held in Leavenworth any longer than the six (6) months required" under § 3621(e)(5)(A). He further states that "no purpose is served" by keeping him in prison when he "can so easily complete all requirements of the RDAP program in under six (6) months". He claims that "inmates with release dates nearly 18 months later than (his) were admitted into the RDAP program a full year" before he was. He further alleges the BOP is taking "the position that the nine (9) month length of the RDAP program is required." He argues

that this is "clearly incorrect under the law[1]."  In support, he alleges courts have required that the determination regarding placement in the RDAP be made on an individualized basis, but the BOP has instead issued a "blanket regulation requiring inmates to languish in the RDAP program" for 9 months[2].  He further argues that keeping him in the residential treatment portion of the RDAP for a full year "exceeds the requirements of 18 U.S.C. § 3621(e)(5)(A) by six (6) months."  Petitioner also appears to claim that his entry into the RDAP program was improperly delayed until he had "22 months left", thus "denying (him) approximately five (5) months of the 12 authorized" under § 3621(e).  He asks the court to order the Bureau of Prisons (BOP) to release him "90 days earlier than it currently is allowing," order that he be allowed to complete the RDAP program in 6 months, and order him released upon completion of 6 months in the RDAP program.

---

[1]  Petitioner also states that he "was denied access to the RDAP program solely because he is Jewish."  However, at the outset of his Petition he states this is "not the subject of this Petition."  He then peppers his Petition with additional conclusory claims of anti-semitism.  The court does not consider petitioner's claims of an anti-semitism motive because he disavows this as a basis for his Petition and his claims are nothing but completely conclusory statements.

[2]  The Tenth Circuit Court of Appeals recently discussed this provision:

> Title 18 U.S.C. § 3621 governs the imprisonment of persons convicted of federal crimes.  In 1990, Congress amended the statute to direct the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  In the Violent Crime Control and Law Enforcement Act of 1994 (VCCLEA), Pub.L. No. 103-322, 108 Stat.1987, Congress amended the statute to provide an incentive for prisoners to participate in RDAP.  See Lopez v. Davis, 531 U.S. 230, 233, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).  The statute now provides the BOP "may" reduce the period a prisoner convicted of a nonviolent offense remains in custody after successfully completing RDAP for a period of up to one year.  See 18 U.S.C. § 3621(e)(2)(B).

Redmon v. Wiley, 349 Fed.Appx. 251, 255 (10th Cir. 2009).

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking judicial review of administrative action by the BOP and federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir.1986); see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); McClung v. Shearin, 90 Fed.Appx. 444, 445 (4th Cir. 2004)(citing Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001); Little v. Hopkins, 638 F.2d 953, 953-54 (6th Cir. 1981)). Administrative exhaustion is generally required for three valid reasons: (1) to allow the agency to develop a factual record and apply its expertise, which facilitates judicial review; (2) to permit the agency to grant the relief requested, which conserves judicial resources; and (3) to provide the agency the opportunity to correct its own errors, which "fosters administrative autonomy". See Moscato v. Federal BOP, 98 F.3d 757, 761-62 (3rd Cir. 1996). In order to have fully exhausted, petitioner must have raised claims on administrative appeal[3] that are identical to those he now presents in this federal habeas corpus Petition. Mr. Hatten does not show

---

[3] The BOP provides a three-level Administrative Remedy Program for inmates to obtain "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. First, an inmate must attempt informally to resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If the concern is not informally resolved, an inmate may file an appeal to the Warden. 28 C.F.R. § 542.14. Next, an inmate may appeal an adverse decision to the Regional Director. 28 C.F.R. § 542.15(a). Finally, the inmate may appeal to the BOP's Central Office. Id. No administrative remedy appeal is considered fully and finally exhausted until it has been denied by the Central Office. Id. If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

that he fully exhausted administrative remedies in a timely fashion[4] on either his claim that his entry into the RDAP was improperly delayed[5] or that he is entitled to release after completing six months in the residential portion of the RDAP program[6].

There are "limited exceptions" to the exhaustion prerequisite including "a narrow futility exception", which the Tenth Circuit Court of Appeals has "recognized in the context of petitions brought under 28 U.S.C. § 2254"; and "other circuits have recognized in the context of petitions brought under § 2241". See Ciocchetti v. Wiley, 2009 WL 4918253 (10th Cir. Dec. 22, 2009, unpublished)[7](citing see Fairchild v. Workman, 579 F.3d 1134, 1155 (10th Cir.2009); see e.g., Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006))(cited for persuasive value). Such exceptions "apply only in 'extraordinary circumstances,' and [petitioner] bears the

---

[4] See Samples v. Wiley, 349 Fed.Appx. 267 (10th Cir. 2009)(Futility argument not supported by contention that administrative process is too slow and it was unlikely the BOP procedure would be completed by the date on which petitioner would have needed to be transferred to an RRC in order to receive a twelve-month RRC placement).

[5] To be considered eligible for the RDAP, an inmate must have a documented drug abuse problem, must have no serious mental impairment which would substantially interfere with full participation in the program, must sign an agreement acknowledging his program responsibility and must ordinarily be within thirty-six months of release. Additionally, the security level of the residential program institution must be appropriate for the inmate. See 28 C.F.R. § 550.56(a); Program Statement 5330.10.

[6] The BOP has described the RDAP in 28 C.F.R. § 550.53 as involving three components. The first is a unit-based residential program lasting at least six months and requiring a minimum of 500 hours. 28 C.F.R. § 550.53(a)(1). There is an interim transitional phase for inmates who must participate in follow-up services at the institution after the inmate successfully completes the unit-based program, "[i]f time allows between completion of the unit-based component of the RDAP and transfer to a community-based program." 28 C.F.R. § 550.53(a)(2). The third component is the community transitional phase, when the inmate must complete a community-based drug abuse treatment program. 28 C.F.R. § 550.53(a)(3). In order to be eligible for early release, the inmate must successfully complete the RDAP, as described in § 550.53, including the community transitional phase. 28 U.S.C. §§ 550.55(a), 550.56(a).

[7] This unpublished case is cited for its reasoning, and not as precedent.

4

burden of demonstrating the futility of administrative review." See Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994)(citations omitted).

Petitioner alleges that he has filed "the first portion of the administrative remedies." He argues that full exhaustion of administrative remedies would be futile due to the BOP's position[8] and that administrative remedies cannot be exhausted before "the date at which Petitioner will have been in the RDAP program." It is thus apparent from the face of the Petition that he has not fully exhausted all available administrative remedies.

Petitioner's suggestion that requiring full exhaustion would deprive him of an earlier release date, in and of itself, is not such an extraordinary circumstance as to warrant waiver of the exhaustion requirement. The Supreme Court has required that even those inmates who may be entitled to immediate release exhaust their administrative remedies. Faced with the argument "that to require exhaustion of state remedies . . . would deprive a . . . prisoner of the speedy review of his grievance which is so often essential to any effective redress," that Court acknowledged that "exhaustion of . . . remedies takes time" but concluded "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." Preiser v. Rodriquez, 411 U.S. 475, 494-95 (1973). Petitioner has shown neither a "peculiar urgency" for proceeding in federal court nor that his administrative remedies would be futile.

---

[8] Petitioner does not provide the substance of any decision by the BOP in his case, or citation to any legal authority indicating that the BOP has violated the United States Constitution or federal law with its decision regarding the length of his required participation in the RDAP program. It follows that he has not presented facts indicating administrative remedies are effectively unavailable due to "some binding adverse administrative precedent" that is contrary to a particular controlling court case. See Holman v. Booker, 166 F.3d 347, *3 (10th Cir. 1998).

In short, he has not met his burden of showing extraordinary circumstances exempting him from the exhaustion requirement. Accordingly, the court finds this § 2241 petition is subject to being dismissed for failure to exhaust.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to show cause why this action should not be dismissed for failure to fully exhaust the available administrative remedies.

**IT IS SO ORDERED.**

**DATED:  This 9th day of June, 2010, at Topeka, Kansas.**

                                    **s/RICHARD D. ROGERS**
                                    **United States District Judge**